In the Matter of the Claim of DOROTHY JESSUP, Respondent, v. JESSUP & STEVENS GARAGE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for disability and death benefits, predicated upon a finding that decedent's work as a garage employee aggravated his pre-existing rheumatic heart disease, causing his death. Appellants contest the finding of accident. The employer testified that decedent "did 90 per cent of our lubrication work. In addition, he helped out with anything that was heavy and hard to do, naturally, being the biggest and youngest of all of us." On July 7, 1955 he worked at changing tires, at least one of them being the large tire, about 4½ feet in diameter, of a heavy dump truck. During this work he complained of chest pain, rested on his bed at home during the noon hour and returned to work late but could not or did not complete the job. On September 8, 1955 he was engaged continuously for two to two and one-half hours in lubricating automobiles, this work requiring him to stand under the vehicle as it rested on a lift and to work overhead, reaching his arms up and operating a five-pound grease gun up and down over his head. In midmorning he complained of chest pain and shortness of breath and the employer took him home where he told his wife that he had started to black-out under the lift. He did not work again, finding even the task of operating a gasoline pump too arduous. The physician he consulted when he returned home on the day of the incident last described diagnosed "rheumatic heart disease, more specifically a mitral stenosis and mitral insufficiency", and these findings were eventually confirmed on autopsy. Decedent remained disabled, and suffered recurrent attacks. An attempted operation for cardiac catheterization was unsuccessful and very nearly fatal; and finally he was hospitalized on June 6, 1956 and died three days later. Decedent's attending physician considered that the work which decedent did on September 8 caused the attack of that day, and related the work to his subsequent death, testifying "He had a rheumatic heart condition. The type of work he was doing, as you described it and as I would ordinarily know it, that type of work would be heavy work and I feel certain that if [we] had been able to get a hold of this boy before we did and changed his occupation that his chances of survival would have been much better. I think this heavy work definitely aggravated a weakened heart." On cross-examination the doctor said: "I believe that, this was the second attack that we knew had happened during employment and I knew the type of work he was doing. And I feel that was all an accumulated thing but precipitated by the work he was doing that morning." The cardiologist who had also attended decedent found that

the work incidents of July 7 and September 8 were competent producing causes of death by aggravation of the pre-existing disease. He said that "a heart like this will remain perfectly compensated as a general rule if you have no undue effort or strain, and I think the way you described the work to me he was constantly releasing an unusual amount of effort for a heart of this type to take without going into failure * * * The worst of it is once the heart gets that extra push upon it, so to speak, you never can get them back." Describing the result of the work incident of September 8 in more technical terms, the doctor said that "it threw him into irreversible cardiac decompensation or cardiac failure." Appellants' medical expert denied causal relation to the work and found decedent's death "due to the course of his rheumatic heart disease." The evidence of accident causative of death seems to us substantial and amply sufficient to satisfy the rule that "so long as the conditions of performing the work are such that an exceptional strain is imposed on the worker so great that his heart is affected and damaged thereby, the requirement of unusual or excessive strain is satisfied." (*Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506, 510.) Award is not to be denied merely because the effort was that of the usual work, provided, as seems clearly the case here, the work was "sufficiently strenuous to require more than normal exertion." (*Matter of Burris* v. *Lewis*, 2 N Y 2d 323, 326.) The effort expended by decedent on his last day at work seems to have been generally comparable, in nature and degree, to that found to constitute unusual or excessive strain in *Matter of Carr* v. *Sturdy Built Homes* (6 A D 2d 914) and in *Matter of Cuvelier* v. *Fairbanks & Walvoord* (6 A D 2d 920); and his work upon outsize tires at the time of the previous incident seems no less strenuous. Appellants' argument is directed very largely to inaccuracies in the board's findings, one, that because of his heart condition decedent "was required to do only light work", which was clearly in error; the other, that disability and death were caused by "harder and more physical work than he normally did". The latter finding does not, of course, literally or in express terms, at least, apply the test imposed by *Schechter* and *Burris* (*supra*); but upon this record the manual labor to which the board referred as "light" work could not be accounted less than the "normal exertion" constituting the standard of comparison required by these cases; and the board necessarily found effort exceeding that standard when finding effort harder than the normal work from the evidence of one or both of the work incidents, upon which, of necessity, any finding of extra exertion had to be based. Therefore, in this case and upon this record, the verbiage employed by the board does not seem to us to render the findings fatally defective. The appeal required us to determine whether, as a matter of law, there was substantial evidence of excessive strain — this, of course, on the description of the work as it appeared in the record. We have determined that there was. That description was neither questioned nor contradicted and, further, it was given, in large part, by the employer. In any event, it seems plain that the board's basic determination and the intendment and effect of its finding were that the work involved effort more strenuous than normal exertion and we consider that remittal of this four-year-old death case merely to enable the board to correct the language of its decision would be an unnecessary and wasteful ceremony. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Coon and Gibson, JJ., concur; Herlihy and Reynolds, JJ., dissent and vote to reverse the decision and award and dismiss the claim herein with the following memorandum: In our view there is no substantial evidence to support the board's findings that the disability or death resulted from an accidental injury arising out of or during the course of his employment. (*Burris* v. *Lewis*, 2 N Y 2d 323; *Matter of Kopec* v. *Buffalo Brake Beam, etc., Iron Works*, 304 N. Y. 65.)